ANN PARKER v. MARK R. WITTY and ERNEST CURTIS, by His
GUARDIAN AD LITEM, D. E. CURTIS, and D. E. CURTIS.

(Filed 13 December, 1939.)

**Automobiles § 21—Allegations held not to disclose intervening negligence insulating demurring defendants' negligence as a matter of law.**

The complaint in this action alleged that plaintiff was riding as a guest in a car that was being pushed by another car, that the defendant who was guiding or driving the car was under the influence of liquor and was driving on the left of the center of the street, without proper control and

lookout, and that the car collided with another automobile driven by another defendant who was operating his car while under the influence of liquor, at an excessive speed, and on the wrong side of the street. *Held:* The allegations of negligence on the part of the driver of the other car does not disclose, as a matter of law, intervening negligence insulating the alleged negligence of the driver of the car in which plaintiff was riding, and the demurrer of the owner and the driver of the car in which plaintiff was riding was properly overruled.

APPEAL by defendants Ernest Curtis and D. E. Curtis from *Clement, J.,* at October Term, 1939, of GUILFORD. Affirmed.

*Moseley & Holt and Herbert S. Falk for plaintiff, appellee.*
*Smith, Wharton & Hudgins for defendants, appellants.*

SCHENCK, J. This is an appeal from a judgment overruling demurrer of the defendants Ernest Curtis and D. E. Curtis.

The allegations of the complaint are to the effect that the plaintiff was riding as a guest in an automobile owned by the defendant D. E. Curtis, when operated by his son and agent Ernest Curtis; that the Curtis car was being driven in a northerly direction on Asheboro Street in the city of Greensboro and collided with an automobile driven by the defendant Witty in a southerly direction on said street; that the Curtis car was not running under its own power but was being pushed from the rear by an automobile driven by one Roy Bunting while being guided by Ernest Curtis, and that upon going around a curve in the street the Curtis car was guided over the center of the street to its left of the center thereof, that the Witty car, approaching from the opposite direction was driven by the defendant Witty, under the influence of intoxicating liquor, over the center of the street to its left of the center thereof, and that the two cars collided with great force, thereby proximately causing injury to the plaintiff; that the driver of the Curtis car, the defendant Ernest Curtis, failed to have proper control of his car, was operating said car while under the influence of intoxicating liquor, and failed to keep a proper lookout for other vehicles approaching from the opposite direction.

We are of the opinion, and so hold, that the allegations of negligence on the part of Ernest Curtis, driver of the Curtis car, are sufficient to overthrow the demurrer of the defendants Ernest Curtis and D. E. Curtis. It cannot be held as a matter of law that the alleged negligence of the defendant Witty in operating his car while under the influence of liquor, at an excessive speed on the left side of the street insulated the alleged negligence of the defendant Ernest Curtis in driving his car under the influence of liquor, and on the left of the center of the street, without proper control and lookout. Whether the negligence of the defendant Witty insulated the negligence of the demurring defendants

and became the sole proximate cause or was merely one of the concurrent proximate causes of the plaintiff's injury is a question to be determined by the jury upon the evidence adduced and under proper instructions from the court.

The judgment of the Superior Court is

Affirmed.